## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank National Association, as SDN** | ) CIVIL ACTION NO.: 2:25-cv-00007- |
| **Indenture Trustee on behalf of and with** | ) |
| **respect to Ajax Mortage Loan Trust 2021-F,** | ) |
| **Mortgage-Backed Securities, Series 2021-F** | ) |
| | ) |
| **Plaintiff,** | ) DEFENDANT'S ANSWER, |
| | ) AFFIRMATIVE DEFENSES, |
| **AND** | ) COUNTERCLAIM |
| | ) |
| **vs.** | ) RE: |
| | ) **302 Mill Street, Auburn, ME 04210** |
| | ) |
| | ) |
| **Ben Campbell f/k/a Benjamin Paul Leonas** | ) Mortgage |
| | ) **March 27, 2007** |
| | ) **Book 7094, Page 105** |
| **Defendant.** | ) |
| | ) |
| **Discover Bank** | ) |
| **Midland Funding, LLC** | ) |
| | ) |
| **Party In Interest** | ) |

NOW COMES the Defendant, Ben Campbell, f/k/a Benjamin Paul Leonas, and hereby submits this Answer, Affirmative Defenses, and Counterclaim in response to the Plaintiff's Complaint for Foreclosure filed on January 13, 2025.

<u>JURISDICTION AND VENUE</u>

1

1. In response to Paragraph 1 of the Complaint, the Defendant has no knowledge of whether the venue is properly established in the State of Maine, Androscoggin, SS., District Court, Auburn, for Civil Action No.: 2:25-cv-00007-SDN.

2. In response to Paragraph 2 of the Complaint, the Defendant has no knowledge of whether this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the Plaintiff and Defendant are alleged to be citizens of different states and the matter in controversy purportedly exceeds seventy-five thousand dollars.

3. In response to Paragraph 3 of the Complaint, the Defendant has no knowledge of whether venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2), insofar as all or a substantial portion of the events giving rise to Plaintiff's claims transpired in Maine and the property is located in Maine.

<u>PARTIES</u>

4. In response to Paragraph 4 of the Complaint, the Defendant has no knowledge of whether U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2021-F, Mortgage-Backed Securities, Series 2021-F, is a National Association with its principal place of business located at 425 Walnut Street, Cincinnati, OH 45202.

5. In response to Paragraph 5 of the Complaint, the Defendant denies that he, Ben Campbell f/k/a Benjamin Paul Leonas, is a resident of Greene, County of

Androscoggin, State of Maine.

6. In response to Paragraph 6 of the Complaint, the Defendant denies that Discover Bank is a de minimis Party-In-Interest. The alleged debt with Discover Bank was settled in 2011.

7. In response to Paragraph 7 of the Complaint, the Defendant admits that Midland Funding LLC is a de minimis Party-In-Interest but lacks knowledge as to whether Midland Funding LLC is located at c/o Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

<u>FACTS</u>

8. In response to Paragraph 8 of the Complaint, the Defendant denies that, on March 27, 2006, by virtue of a Warranty Deed from Paul J. Leonas, the property situated at 302 Mill Street, City/Town of Auburn, County of Androscoggin, State of Maine, was conveyed to Benjamin Leonas, as more particularly described by the attached legal description.

9. In response to Paragraph 9 of the Complaint, the Defendant admits that on March 27, 2007, he executed a mortgage in with First Magnus Financial Corporation for the property located at 302 Mill Street, Auburn, ME 04210.

10. In response to Paragraph 10 of the Complaint, the Defendant admits that on March 27, 2007, he executed a mortgage with First Magnus Financial Corporation

for the property located at 302 Mill Street, Auburn, ME 04210.

11. In response to Paragraph 11 of the Complaint, the Defendant has no knowledge of the alleged assignment of the mortgage to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP on June 9, 2011. However, Defendant dealt directly with Countrywide starting in 2007 and with Bank of America, N.A., after its 2008 acquisition of Countrywide. This suggests Bank of America was involved prior to the 2011 assignment date, potentially undermining the validity of the alleged assignment and the Plaintiff's standing to foreclose.

12. In response to Paragraph 12 of the Complaint, the Defendant has no knowledge of the alleged assignment of the mortgage to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP on June 9, 2011. However, Defendant dealt directly with Countrywide starting in 2007 and with Bank of America, N.A., after its 2008 acquisition of Countrywide. This suggests Bank of America was involved prior to the 2011 assignment date, potentially undermining the validity of the alleged assignment and the Plaintiff's standing to foreclose.

13. In response to Paragraph 13 of the Complaint, the Defendant admits that the mortgage was subsequently assigned to Green Tree Servicing LLC but has no knowledge of the exact date.

14. In response to Paragraph 14 of the Complaint, the Defendant has no knowledge of the alleged assignment to New Residential Mortgage LLC (NewRez) on

February 11, 2019, and was dealing with Loancare at the time. The complaint's

omission of Loancare and Defendant's interactions with them raise doubts about

Plaintiff's standing. Defendant reserves the right to request further documentation.

15. In response to Paragraph 15 of the Complaint, the Defendant has no knowledge

of the alleged assignment of the mortgage to Ajax Mortgage Loan Trust 2021-F,

Mortgage-Backed Securities, Series 2021-F, by U.S. Bank National Association,

as Indenture trustee on October 14, 2021. To his knowledge Ajax had been the

actual owner of the mortgage since at the latest 2019.

16. In response to Paragraph 16 of the Complaint, the Defendant has no knowledge

of the alleged assignment of the mortgage to U.S. Bank National Association, as

Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust

2021-F, Mortgage-Backed Securities, Series 2021-F, by virtue of a Quitclaim

Assignment on July 17, 2024.

17. In response to Paragraph 17 of the Complaint, the Defendant admits that on

October 19, 2021, he legally changed his name from Benjamin Paul Leonas to

Ben Campbell. Defendant further states that he promptly notified the mortgage

servicer at the time, Gregory Funding LLC, of this name change and provided the

necessary documentation. Defendant notes that Gregory Funding LLC is not

mentioned in the plaintiff's complaint, despite being the servicer during the

relevant period when the name change occurred. Defendant reserves the right to

explore the implications of this omission, including any potential issues related to the chain of servicing or the transfer of mortgage rights, as part of his defense.

18. In response to Paragraph 18 of the Complaint, the Defendant has no knowledge of a Mortgagor's Right to Cure Notice being sent and states that no such notice was received, as indicated by the return-to-sender notifications attached to the Plaintiff's evidence. Furthermore, the Defendant notes that Shellpoint, which is not mentioned in the Complaint, was acting on behalf of the Plaintiff in sending these notices. The failure to properly include Shellpoint in the Complaint raises concerns regarding the sufficiency and accuracy of the notice process.

19. In response to Paragraph 19 of the Complaint, the Defendant has no knowledge of the contents of the Demand letter as he never received the Demand Letter in question.

20. In response to Paragraph 20 of the Complaint, the Defendant has no knowledge of the truth of this as he never received the Demand letter in question.

21. In response to Paragraph 21 of the Complaint, the Defendant has no knowledge sufficient to confirm the truth of this statement.

22. In response to Paragraph 22 of the Complaint, the Defendant has no knowledge sufficient to confirm the truth of this statement.

23. In response to Paragraph 23 of the Complaint, the Defendant has no knowledge

sufficient to confirm the truth of this statement.

24. In response to Paragraph 24 of the Complaint, the Defendant denies that

Discover Bank is a de minimis Party-In-Interest. The alleged debt with Discover

Bank was settled in 2011.

25. In response to Paragraph 25 of the Complaint, the Defendant admits that

Midland Funding LLC is a de minimis Party-In-Interest but lacks knowledge as to

whether Midland Funding LLC is located at c/o Corporation Service Company, 45

Memorial Circle, Augusta, ME 04330.

26. In response to Paragraph 26 of the Complaint, the Defendant denies the accuracy

of the alleged debt. Defendant asserts that a 2012 mortgage modification was

entered into under duress, as an unsophisticated party, due to coercive pressure

from the lender threatening immediate loss of the property. Defendant contends

that this modification is invalid and reserves the right to challenge its

enforceability and any subsequent agreements dependent on it.

27. In response to Paragraph 27 of the Complaint, the Defendant admits to presently

possess the property, with a relative residing there under Defendant's authority as

power of attorney.

<u>COUNT 1—FORECLOSURE</u>

28. The Defendant repeats and re-alleges paragraphs 1 through 27 of this Answer as

if fully set forth herein.

29. In response to Paragraph 29 of the Complaint, the Defendant admits paragraph 29 of the complaint, insofar as it identifies the real property in question.

30. In response to Paragraph 30 of the Complaint, the Defendant has no knowledge sufficient to confirm the truth of this statement.

31. In response to Paragraph 1 of the Complaint, the Defendant has no knowledge sufficient to confirm the truth of this statement.

32. In response to Paragraph 32 of the Complaint, the Defendant admits to not making payments since the end of a forbearance agreement with NewRez during the 2019 pandemic, the exact date of which is unknown. Defendant, as an unsophisticated party, misunderstood the forbearance terms, believing payments were paused rather than accrued. Defendant further states that Gregory Funding, a subsequent servicer not mentioned in the Plaintiff's complaint, refused to negotiate and blocked a fair market value sale despite Defendant's offer to pay any shortfall. Defendant reserves the right to challenge the debt and foreclosure based on these circumstances.

33. In response to Paragraph 33 of the Complaint, the Defendant denies the accuracy of the alleged debt. Defendant asserts that a 2012 mortgage modification was entered into under duress, as an unsophisticated party, due to coercive pressure

from the lender threatening immediate loss of the property. Defendant contends

that this modification is invalid and reserves the right to challenge its

enforceability and any subsequent agreements dependent on it.

34. In response to Paragraph 34 of the Complaint, the Defendant has no knowledge

of the truth of this statement, but accepts it's accuracy.

35. In response to Paragraph 35 of the Complaint, the Defendant denies that Plaintiff

has the right to foreclose and sell the real estate based on Defendant's breach of

condition, as the alleged breach stems from a 2012 mortgage modification entered

into under duress, as stated in paragraph 33 above, rendering it invalid.

36. In response to Paragraph 36 of the Complaint, the Defendant has no knowledge

of a Mortgagor's Right to Cure Notice being sent and states that no such notice

was received, as indicated by return-to-sender notifications.

37. In response to Paragraph 37 of the Complaint, the Defendant admits he is not

currently in the military.

38. In response to Paragraph 38 of the Complaint, the Defendant admits to not

having a Bankruptcy Discharge of any debt.

## COUNT 2—BREACH OF NOTICE

39. The Defendant repeats and re-alleges paragraphs 1 through 38 of this Answer as

if fully set forth herein.

40. In response to Paragraph 40 of the Complaint, the Defendant admits that on March 27, 2007, he executed a mortgage in with First Magnus Financial Corporation for the property located at 302 Mill Street, Auburn, ME 04210.

41. In response to Paragraph 41 of the Complaint, the Defendant admits to not making payments since the end of a forbearance agreement with NewRez during the 2019 pandemic, the exact date of which is unknown. Defendant, as an unsophisticated party, misunderstood the forbearance terms, believing payments were paused rather than accrued. Defendant further states that Gregory Funding, a subsequent servicer not mentioned in the Plaintiff's complaint, refused to negotiate and blocked a fair market value sale despite Defendant's offer to pay any shortfall. Defendant reserves the right to challenge the debt and foreclosure based on these circumstances.

42. In response to Paragraph 42 of the Complaint, the Defendant has no knowledge sufficient to confirm the truth of this statement.

43. In response to Paragraph 43 of the Complaint, the Defendant denies being in breach of the Note and Mortgage, as the alleged breach stems from a 2012 mortgage modification entered into under duress, as stated in paragraph 33 above, rendering it invalid.

44. In response to Paragraph 44 of the Complaint, the Defendant denies that any

breach was knowing, willful, or continuing, as the alleged breach is based on an invalid 2012 mortgage modification under duress (paragraph 33) and subsequent servicing issues, including Gregory Funding's refusal to negotiate a fair market value sale (paragraph 32).

45. In response to Paragraph 45 of the Complaint, the Defendant denies causing harm to Plaintiff, as any alleged harm results from Plaintiff's own actions or those of its servicers, including the coercive 2012 modification (paragraph 33) and Gregory Funding's blocking of a fair market value sale (paragraph 32).

46. In response to Paragraph 46 of the Complaint, the Defendant denies the accuracy of the alleged total debt, consistent with paragraph 33 above, and reserves the right to challenge its calculation based on the invalid modification and subsequent servicing errors.

47. In response to Paragraph 47 of the Complaint, the Defendant denies that Plaintiff is entitled to damages, interest, costs, or attorney's fees, as their claims rely on an invalid modification (paragraph 33) and procedural failures, including lack of proper notice (paragraph 36).

48. In response to Paragraph 48 of the Complaint, the Defendant admits to not having a Bankruptcy Discharge of any debt.

<u>COUNT 3—BREACH OF NOTICE</u>

49. The Defendant repeats and re-alleges paragraphs 1 through 48 of this Answer as

if fully set forth herein.

50. In response to Paragraph 50 of the Complaint, the Defendant admits he entered into a written contract with First Magnus Financial Corporation for a loan in the amount of $158,000.00, for the property located at 302 Mill Street, Auburn, ME 04210.

51. In response to Paragraph 51 of the Complaint, the Defendant admits he executed the mortgage to secure the note and the subject property.

52. In response to Paragraph 52 of the Complaint, the Defendant has no knowledge sufficient to confirm the truth of this statement.

53. In response to Paragraph 53 of the Complaint, the Defendant denies being in breach of the Note and Mortgage, as the alleged breach stems from a 2012 mortgage modification entered into under duress, as stated in paragraph 33 above, rendering it invalid.

54. In response to Paragraph 54 of the Complaint, the Defendant denies that Plaintiff has the right to foreclose and sell the real estate based on Defendant's breach of condition, as the alleged breach stems from a 2012 mortgage modification entered into under duress, as stated in paragraph 33 above, rendering it invalid.

55. In response to Paragraph 55 of the Complaint, the Defendant denies being in breach of  contract, as the alleged breach stems from a 2012 mortgage

modification entered into under duress, as stated in paragraph 33 above, rendering it invalid.

56. In response to Paragraph 56 of the Complaint, the Defendant denies that Plaintiff has the right to foreclose and sell the real estate based on Defendant's breach of condition, as the alleged breach stems from a 2012 mortgage modification entered into under duress, as stated in paragraph 33 above, rendering it invalid, and Defendant denies the accuracy of the alleged total debt, consistent with paragraph 33 above, and reserves the right to challenge its calculation based on the invalid modification and subsequent servicing errors.

57. In response to Paragraph 57 of the Complaint, the Defendant denies that any breach was knowing, willful, or continuing, as the alleged breach is based on an invalid 2012 mortgage modification under duress (paragraph 33) and subsequent servicing issues, including Gregory Funding's refusal to negotiate a fair market value sale (paragraph 32).

58. In response to Paragraph 58 of the Complaint, the Defendant denies causing harm to Plaintiff, as any alleged harm results from Plaintiff's own actions or those of its servicers, including the coercive 2012 modification (paragraph 33) and Gregory Funding's blocking of a fair market value sale (paragraph 32).

59. In response to Paragraph 59 of the Complaint, the Defendant denies the accuracy

of the alleged total debt, consistent with paragraph 33 above, and reserves the

right to challenge its calculation based on the invalid modification and subsequent

servicing errors.

60. In response to Paragraph 60 of the Complaint, the Defendant denies that Plaintiff

is entitled to damages, interest, costs, or attorney's fees, as their claims rely on an

invalid modification (paragraph 33) and procedural failures, including lack of

proper notice (paragraph 36).

61. In response to Paragraph 61 of the Complaint, the Defendant admits to not

having a Bankruptcy Discharge of any debt.

### COUNT 4—UNJUST ENRICHMENT

62. The Defendant repeats and re-alleges paragraphs 1 through 61 of this Answer as

if fully set forth herein.

63. In response to Paragraph 63 of the Complaint, the Defendant has no knowledge

sufficient to confirm the truth of this statement.

64. In response to Paragraph 64 of the Complaint, the Defendant admits to not

making payments since the end of a forbearance agreement with NewRez during

the 2019 pandemic, the exact date of which is unknown. Defendant, as an

unsophisticated party, misunderstood the forbearance terms, believing payments

were paused rather than accrued. Defendant further states that Gregory Funding, a

subsequent servicer not mentioned in the Plaintiff's complaint, refused to

negotiate and blocked a fair market value sale despite Defendant's offer to pay

any shortfall. Defendant reserves the right to challenge the debt and foreclosure

based on these circumstances.

65. In response to Paragraph 65 of the Complaint, the Defendant denies being

unjustly enriched to the detriment of Plaintiff. Any benefit retained by Defendant

results from Plaintiff's own actions or those of its servicers, including the coercive

2012 mortgage modification (paragraph 33) and Gregory Funding's refusal to

negotiate a fair market value sale (paragraph 32), rather than any unjust conduct

by Defendant.

66. In response to Paragraph 66 of the Complaint, the Defendant denies that Plaintiff

is entitled to relief, based on the invalidity of the mortgage modification under

duress (paragraph 33) and procedural defects in Plaintiff's claims (paragraph 36).

67. In response to Paragraph 67 of the Complaint, the Defendant admits to not

having a Bankruptcy Discharge of any debt.

## DEFENSES

Without waiving the right to raise additional defenses, Defendant asserts the following

defenses to the complaint:

### LACK OF STANDING DUE TO DEFECTIVE CHAIN OF TITLE:

1. The complaint presents an inaccurate timeline of mortgage assignments,

undermining Plaintiff's standing. Defendant has no knowledge of assignments to

BAC Home Loans Servicing, LP or Bank of America, N.A. in 2011 (paragraphs 11–12), having dealt with Countrywide from 2007 and Bank of America after its 2008 acquisition of Countrywide. Defendant also disputes Ajax's alleged 2021 ownership, asserting Ajax held the mortgage before 2019 based on Defendant's recollection and dealings. Under Bank of America, N.A. v. Greenleaf 2014 ME 89,¶¶ 12-17, 96 A.3d 700, Plaintiff must prove an unbroken chain of title to foreclose. These discrepancies render Plaintiff's standing defective, warranting dismissal under Maine Rule of Civil Procedure 12(b)(1) or 12(b)(6). Defendant requests discovery to verify the true ownership history.

Citations:

1. Bank of America, N.A. v. Greenleaf, 2014 ME 89, ¶¶ 12-17, 96 A.3d 700: Maine Supreme Judicial Court held that a foreclosing party must prove it holds both the note and mortgage with a valid chain of assignments; MERS's invalid assignment voided standing.

2. Maine Rule of Civil Procedure 12(b)(1): Dismissal for lack of subject matter jurisdiction if standing is absent.

3. Maine Rule of Civil Procedure 12(b)(6): Dismissal for failure to state a claim if the complaint's timeline doesn't support standing.

4. Maine Rule of Civil Procedure 26: General discovery provision to seek

ownership records.

<u>OMISSION OF REQUIRED PARTIES TO THIS MATTER:</u>

2. Above Defense notwithstanding, the Complaint omits Gregory Funding, the 2022 servicer, despite their pivotal role in the alleged default (paragraph 32). Gregory Funding rejected Defendant's $150,000 sale offer (aligned with market value), claimed a $186,000 debt—far exceeding Defendant's understanding of the balance based on prior discussions with NewRez—and refused negotiation despite Defendant's willingness to pay any shortfall. This discrepancy questions the debt's accuracy under 14 M.R.S. § 6321, which requires a foreclosure complaint to state the amount due. Gregory Funding's actions hindered Defendant's ability to cure the default, potentially violating their duty as a servicer. Their omission suggests an attempt to conceal errors affecting Plaintiff's right to foreclose. Defendant requests discovery of Gregory Funding's records under Maine Rule of Civil Procedure 26 to confirm their role and the debt's validity.

Citations:

1. 14 M.R.S. § 6321: Maine's foreclosure statute requires the complaint to specify "the amount due on the mortgage," tying debt accuracy to the plaintiff's burden.

2. Maine Rule of Civil Procedure 26: Allows discovery to investigate Gregory

Funding's records and actions.

## LACK OF PROPER NOTICE UNDER 14 M.R.S. § 6111:

3. Above Defenses notwithstanding, plaintiff failed to comply with 14 M.R.S. §

   6111 by sending the Demand Letter (dated September 18, 2024) to 302 Mill

   Street, Auburn, ME 04210, where Defendant has not resided for years, despite

   knowing Defendant's out-of-state address (evidenced by service on March 1,

   2025). Return-to-sender receipts (paragraph 36) confirm non-delivery, and

   Plaintiff made no effort to notify Defendant or their Power of Attorney at the

   property. Under Green Tree Servicing, LLC v. Cope, 2017 ME 68, ¶ 15, 158 A.3d

   931, strict compliance with § 6111's notice requirements is a prerequisite to

   foreclosure. This failure bars Plaintiff's action and supports dismissal under

   Maine Rule of Civil Procedure 12(b)(6).

Citations:

1. 14 M.R.S. § 6111: Requires a 35-day right-to-cure notice sent to the

   mortgagor's "last known address," with strict compliance.

2. Green Tree Servicing, LLC v. Cope, 2017 ME 68, ¶ 15, 158 A.3d 931:

   Maine Supreme Judicial Court dismissed a foreclosure for improper notice

   under § 6111 when sent to an outdated address.

3. Maine Rule of Civil Procedure 12(b)(6): Failure to meet statutory notice

voids the claim.

## INVALID 2012 LOAN MODIFICATION BY REASON OF DURESS:

4. Prior Defenses notwithstanding, the 2012 loan modification with the servicer at the time was entered into under duress (paragraph 33). Defendant, an unsophisticated party, faced coercive pressure after the servicer refused to accept payments when Defendant fell three months behind due to financial hardship. Following months of foreclosure threats, the servicer offered a modification, which Defendant accepted out of fear of losing the property, leaving no reasonable alternative. Under Maine law, duress voids a contract if one party's wrongful threat precludes free will (City of Portland v. Gemini Concerts, Inc., 481 A.2d 180, 182 (Me. 1984)). This renders the modification unenforceable, invalidating subsequent debt calculations and agreements reliant on it under 11 M.R.S. § 2-302 (unconscionable contracts).

Citations:

1. City of Portland v. Gemini Concerts, Inc., 481 A.2d 180, 182 (Me. 1984): Defines duress as a wrongful threat eliminating reasonable choice, voiding the contract.

2. 11 M.R.S. § 2-302: Allows courts to void unconscionable contracts, reinforcing invalidity.

## MISREPRESENTATION OF 2019 FOREBEARANCE:

5. Prior Defenses notwithstanding, Defendant entered a 2019 forbearance agreement with NewRez (paragraph 32), reasonably believing payments were paused, not accrued, due to unclear terms as an unsophisticated party. This misrepresentation violates 12 U.S.C. § 2605(e), requiring servicers to provide accurate responses to borrower inquiries, and 12 C.F.R. § 1024.36, mandating clear information about loan terms upon request. Under Maine law, such misrepresentation renders the agreement unenforceable if Defendant detrimentally relied on the false impression (Chapman v. Rideout, 568 A.2d 829, 830 (Me. 1990)). This artificially inflated the debt, undermining Plaintiff's default claim. Defendant reserves the right to seek evidence of NewRez's disclosures under Maine Rule of Civil Procedure 26.

Citations:

1. 12 U.S.C. § 2605(e): RESPA's duty for accurate servicing responses.

2. 12 C.F.R. § 1024.36: Regulation X's requirement for clear loan info.

3. Chapman v. Rideout, 568 A.2d 829, 830 (Me. 1990): Pinpoints the negligent misrepresentation standard—false info, justifiable reliance, harm.

4. Maine Rule of Civil Procedure 26: Discovery authority.

## BREACH OF FOOD FAITH BY LOAN SERVICERS:

6. Plaintiff's servicers breached the implied covenant of good faith and fair dealing

under Maine law:

- Loan Servicer (2012): Refused to accept payments when Defendant was three months late due to financial hardship, then imposed an exploitative modification under duress after months of foreclosure threats (paragraph 33).

- Gregory Funding (2022): Refused negotiation, rejected a $150,000 market-value sale, and claimed an inflated $186,000 debt (paragraph 32).

- U.S. Bank National Association: Proceeded despite improper notice (paragraph 36) and knowledge of prior servicing issues.

  Under Top of the Track Associates v. Lewiston Raceway Ass'n, 654 A.2d 1293, 1294, ¶ 9 (Me. 1995), every contract includes an implied duty of good faith and fair dealing, breached when a party acts unfairly beyond express terms. These actions exacerbated Defendant's default, weakening Plaintiff's equitable claim.

- These actions exacerbated Defendant's default, weakening Plaintiff's equitable claim.

Citation:

1. Top of the Track Associates v. Lewiston Raceway Ass'n, 654 A.2d 1293, 1294, ¶ 9 (Me. 1995): Confirms the implied covenant applies, requiring fair conduct where the contract is silent.

<u>EQUITABLE ESTOPPEL AND UNLEAN HANDS</u>

7. Plaintiff is estopped from foreclosing due to misconduct, including:

- The invalid 2012 modification, forced after Bank of America refused payments and threatened foreclosure (paragraph 33);

- The 2019 forbearance misrepresentation (paragraph 32);

- Gregory Funding's rejection of Defendant's sale offer (paragraph 32); and

- Improper notice (paragraph 36).

  Under Berry v. Bd. of Trustees, 1995 ME 84, ¶ 11, 663 A.2d 14, equitable estoppel bars relief when a party's misconduct induces reliance. The unclean hands doctrine, per Jordan v. Shea, 2002 ME 36, ¶ 23, 791 A.2d 116, denies equitable relief (like foreclosure) to a party with wrongful conduct.

Citations:

1. Berry v. Bd. of Trustees, 1995 ME 84, ¶ 11, 663 A.2d 14: Estoppel applies if misconduct (e.g., misrepresentation) causes detrimental reliance.

2. Jordan v. Shea, 2002 ME 36, ¶ 23, 791 A.2d 116: Unclean hands bars foreclosure if plaintiff's actions are inequitable.

<u>DEFENDANT'S GOOD FAITH EFFORTS:</u>

8. Defendant acted in good faith by attempting to sell the property in 2022 for $150,000 (market value based on the sole offer received) and offering to cover the shortfall when Gregory Funding claimed a $186,000 debt, an offer Gregory

Funding rejected (paragraph 32). Gregory Funding refused to negotiate, asserting the property was worth more than $150,000, despite Defendant's evidence of a single $150,000 offer, as stated in a recorded conversation. Defendant, having paid down the debt over years, asserts the true amount owed is less than claimed and is now willing, if necessary, to pay up to $158,000 (original note value) through a sale to resolve this, demonstrating ongoing intent to mitigate default absent servicer obstruction. Under 14 M.R.S. § 6101, foreclosure is an equitable proceeding, and per Johnson v. McNeil, 2002 ME 99, ¶ 12, 800 A.2d 702, courts have the power to shape and adjust the foreclosure decree to the equities of the particular situation, which may include considering Defendant's good-faith efforts to settle the debt through a sale.

Citations:

1. 14 M.R.S. § 6101: "All proceedings for foreclosure of real estate mortgages shall be proceedings in equity."

2. Johnson v. McNeil, 2002 ME 99, ¶ 12, 800 A.2d 702: "Foreclosure proceedings are equitable in nature, and the court has the power to shape and adjust the foreclosure decree to the equities of the particular situation…"

## COUNTERCLAIMS

Based upon all prior arguments and facts presented in this Answer, which Defendant

reasserts as if fully and completely restated herein, as well as facts and arguments made

hereafter Defendant asserts the following Counterclaim:

<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

9.  Defendant seeks damages for emotional distress caused by servicers' willful

   misconduct: The loan servicers's coercive 2012 modification (paragraph 33),

   Gregory Funding's 2022 sale rejection (paragraph 32), and U.S. Bank National

   Association's improper notice (paragraph 36), causing severe stress and anxiety.

## RELIEF REQUESTED

## <u>DECLARATORY JUDGEMENT:</u>

10. Defendant seeks that this Court render a declaratory judgment that:

1. Plaintiff's foreclosure action is invalid due to lack of standing (Greenleaf), improper notice (14 M.R.S. § 6111), and Gregory Funding's omission;

2. The 2012 loan modification is unenforceable due to duress (paragraph 33); and

3. a determination of the accurate amount based on discovery, adjusted for payments made.

## <u>COMPENSATORY DAMAGES:</u>

11. Defendant hereby requests that this Court award such compensatory damages as it sees fit for the emotional distress described in paragraph 78 of this Answer.

## <u>AWARD OF ATTORNEY'S FEES AND OTHER COSTS</u>

12. Defendant further requests that this Court render judgment that each Party shall bear its own attorney's fees and other costs.

13. Defendant further requests that this Court award other relief as the Court deems just and fair.

## Closing

I agree to provide the Clerk's Office with any changes to my address where case-

related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in my missing important Court notices and deadlines in my case, which could lead to a judgment against me.


Date of Signing:              20 MARCH 2025

Signature of Defendant:  Ben Campbell

Printed Name of Defendant:     Ben Campbell f/k/a Benjamin Paul Leonas

Address:                         1406 Lesseps St.

                                 New Orleans, LA 70117

Phone:                           207-332-1477

E-Mail:                          ben.campbell.xix@gmail.com


    Respectfully submitted this 20th day of March, 2025.